**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4698**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVID M. SUTTON, JR., a/k/a David M. Sutton,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00052-REP)

———————

Submitted:  August 28, 2008     Decided:  September 25, 2008

———————

Before NIEMEYER and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John T. Wood, Petersburg, Virginia, for Appellant.  Michael Ronald Gill, Assistant United States Attorney, Michael Cornell Wallace, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David M. Sutton, Jr., appeals from his conviction and twenty-four month sentence after pleading guilty to making false statements in a transaction with the Department of Housing and Urban Development, in violation of 18 U.S.C. §§ 1010, 2 (2000). Sutton's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review the reasonableness of Sutton's sentence. Sutton was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

2

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). While this court may presume a sentence within the Guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we must give deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

At sentencing, Sutton did not object to the findings in his presentence report or to the Sentencing Guidelines range, which was calculated at eighteen to twenty-four months. The district court imposed a sentence at the top of the Guidelines range, sentencing Sutton to twenty-four months' incarceration. On appeal, Sutton contends the district court failed to adequately consider:

3

(1) the assistance he provided to the Government; (2) his drug addiction; (3) the age and relatively minor nature of his previous convictions; and (4) the Government's recommendation that he be sentenced at the midpoint of the Sentencing Guidelines range. While Sutton claims the district court failed to adequately consider these factors in determining his sentence, there is no evidence to support this assertion, as the district court heard argument from Sutton and explicitly stated that it had considered the factors set forth under § 3553(a). See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The district court noted that while Sutton had no convictions for crimes of violence, he had a lengthy criminal history indicating a "pervasive disregard for the law." See 18 U.S.C.A. § 3553(a)(1). Furthermore, in consideration of his drug addiction, the district court ordered Sutton to participate in a program for substance abuse. See 18 U.S.C.A. § 3553(a)(2)(D). Sutton has failed to demonstrate his sentence is procedurally unreasonable, as there is no evidence in the record indicating the district court failed to consider his arguments. The district court correctly calculated the advisory Guidelines range and considered the relevant factors under 18 U.S.C.A. § 3553(a). Therefore, we affirm Sutton's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore

4

affirm Sutton's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED